IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


WILEY DERRELL REESE,
    Plaintiff,

vs.                                    Case No.:  3:04cv17/RV/EMT

DEPUTY KEVIN COXWELL
and DEPUTY DEVIN HUNNICUTT,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's Motion for Default (Doc. 60), which this court construes as a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

    In part, Rule 55 provides:

    (a) Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

    (b) Judgment.  Judgment by default may be entered as follows:

    (1) By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant . . .

    (2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary . . . to establish the truth of any averment by evidence or to

> make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.
>
> (c) Setting Aside Default.  For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). . . .

Thus, prior to obtaining a default judgment under either Rule 55(b)(1) by the clerk or Rule 55(b)(2) by the court, there must be an entry of default as provided in Rule 55(a), which the clerk is authorized to enter.

In support of his motion, Plaintiff states that the court set a deadline of August 7, 2006, for Defendants to file with the court and serve upon Plaintiff a pre-trial narrative statement, list of trial exhibits, and list of trial witnesses, and Defendants have failed to meet this deadline.  The court docket reflects that Defendants filed their pre-trial materials on August 4, 2006, and the certificate of service indicates that a copy of the filing was provided to Plaintiff at his address of record that same day (*see* Doc. 59).  As Defendants complied with the court order, Plaintiff is not entitled to a default judgment.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Default (Doc. 60) be **DENIED**.

At Pensacola, Florida, this 16th day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control**.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**